Samuels, J.
The printed record of this case, although of small volume, is taken up, in a great degree, with extraneous matter. The portions properly belonging to the record are very confusedly copiedj the proper order of their sequence inverted; and we are left to ascertain what is the true record, by searching through the mass of extraneous matter for its detached parts, and putting them in their proper order.
By subjecting the record to this process, it appears, that on the 3d day of December 1827, Mosby Sheppard, sheriff of Henrico county, acting under the statute 1 Rev. Code, oh. 134-, § 25, p. 533, took from the defendants an indemnifying bond in conformity with the provisions of that statute. That suit was brought on this bond July 21st, 1847, in the name of Benjamin J. Duval, administrator do bonis non of Mosby Sheppard, at the relation of John Sheppard and Benjamin Sheppard. That the defendants demurred to the declaration. That they at different times filed pleas, that they had performed the conditions of the bond, and the plea of non damnificatus; and they also tendered a plea that the cause of action did not accrue *26 within seven years before the institution of the suit. The plaintiff objected to the reception of this plea; the court overruled the objection and received the thereupon the plaintiff filed a replication, allegingthat suit had been brought on this bond on the 4th of February 1828, which suit had been revived in the several names of the several successive representatives of Mosby Sheppard’s estate named in the replication ; that the suit was dismissed by the court on the 19th of May 1846, in the absence of the plaintiff, and without his knowledge or consent, and without any reasonable or sufficient cause; and further, that this (the second) suit on the bond was brought 21st July 1847, as soon as the plaintiff was apprised that said first suit was dismissed. The defendants filed a rejoinder to this plea, denying the existence of the record of the first suit in the replication alleged. The Circuit court decided that there was no such record, and gave judgment for the defendants. Thus the case was decided for the defendants, on the plea of the statute limiting actions on indemnifying bonds to seven years. It is unnecessary in this case to decide whether the court without a jury could properly try the issue as upon a rejoinder of mil tiel record; or whether the replication was or was not immaterial and naught; for however these questions may be decided, in my judgment the case before us presents but two material questions: 1st, as to the sufficiency of the declaration upon general demurrer; 2d, as to the validity of the plea of the statute of limitations.
The declaration on its face shows an inaccuracy in reciting the bond as having been executed to the plaintiff, who is Benjamin J. Duval, administrator de bonis non of Mosby Sheppard deceased; yet there is enough to show that the bond was in fact executed to Mosby Sheppard, the plaintiff’s intestate; and the declaration sets forth sufficient matter of substance for the *27 court to proceed to judgment according to law and the very right of the cause. 1 Rev. Code, p. 511, § 101. If the defendants desired to take advantage a variance between the bond declared on, and that of which frofert was made, they should have taken oyer of the bond. This was not done; and the demurrer was properly overruled.
The second question is as to the validity of the plea of the statute of limitations. This plea does not conform to the statute, Sup. Rev. Code, p. 272, although it was obviously founded thereon ; but it was so regarded in the argument here, and I shall so consider it.
If the plea presented no bar to the cause of action alleged, the court should have sustained the plaintiff’s objection to its reception. It would be an idle waste of time, labor and expense, to engage in the trial of a fact, or series of facts, alleged in pleadings, upon which, if found to be true, no judgment could be rendered. The court of its own motion, even after verdict, may disregard the finding of immaterial facts; and in a proper case judgment may be rendered non obstante veredicto; or if the case be not in a condition to warrant a judgment, a repleader may be awarded. 1 Rob. Prac. (old ed.) 222; Beale's adm'r v. Botetourt Justices, 10 Gratt. 278; Boyle's adm'r v. Overby, 11 Gratt. 202, and the cases there cited. If a court shall improvidently receive a plea tendering an immaterial issue, it may retrieve its error either after verdict, or during the progress of the trial. And it follows, for a stronger reason, that the court may and ought, of its own motion, or on motion made, to refuse to try an immaterial issue.
The statute of February 28th, 1828, Sup. Rev. Code, p. 272, is directory merely and not mandatory; and it contains no clause repealing the statute, 1 Rev. Code, ch. 134, § 25, p. 533. This court decided in the case of Dabney v. Catlett, 12 Leigh 383; same case, 12 Leigh *28 634 ; and in the case of Aylett v. Roane, 1 Gratt. 282, an indemnifying bond taken after May 1, 1828, of the form and substance prescribed by the stat. 1 Tev. Code, § 25, p. 533, above referred to, was valid an<^ k*n(Tng- The limitation prescribed by the act of 28th February 1828, is fully satisfied by applying it to either class of bonds taken after the 1st May 1828, when the act took effect; though it was earnestly insisted by the defendants’ counsel in the argument here, that .the statute applies in this case, although the bond was taken before May 1, 1828; that the statute has a retroactive operation.
It may be conceded for the purposes of this case, that a statute of limitations is to be regarded as affecting the remedy ; and that the legislature has authority to vary the remedy, by enlarging or restricting the time within which it may be pursued. Obvious considerations of justice require that in the exercise of their power a reasonable remedy should be saved to any party having a right. It would be harsh legislation to deprive him of his right, under color of modifying and limiting his remedy, either by reserving to him no remedy at all or one that is merely illusory and likely to be of no value. In the case before us, however, I deem it unnecessary, and therefore improper to express any opinion on the question whether the sufficiency of the remedy is to be decided by legislative discretion, or by judicial determination. In our case, the well settled principles of this court require that we shall construe the statute before us as operating prospectively only, although the legislature may have authority to make a law to operate retroactively, yet it must clearly appear that such was the intention.
We have seen that there are two well defined classes of indemnifying bonds taken after May 1st, 1828, under the former and latter statute, respectively, to which the limitation applies: thus full effect may be given *29 to the later statute, by applying it prospectively only. See Turner v. Turner, 1 Wash. 139; Elliott's ex’ors v. Lyell, 3 Call 234; Williams v. Lewis, 5 Leigh 686; McCance v. Taylor, 10 Gratt. 580.
The limitation insisted on is found in a proviso ; and the proper function of a proviso is to modify or restrain in some degree the body of the enactment. It would be perverting its use to apply it to a class of subjects not affected by the body of the enactment.
For these reasons, I am of opinion that the act prescribing a limitation of seven years to actions on indemnifying bonds, is no bar to the case alleged in the declaration.
The decision of the Circuit court overruling the demurrer to the declaration should be affirmed; but the judgment for the defendants upon the plea of the statute of limitations, should be reversed, with costs; the pléa of the statute of limitations stricken from the record ; and the cause remanded for trial upon the other issues therein j and for further proceedings.
The other judges concurred.
Judgment reversed.